## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

DELBERT L. CHATMON,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.                                              No. 04-CV-0440-DRH
                                                        No. 99-CR-40085-DRH

## MEMORANDUM and ORDER

HERNDON, District Judge:

### I.  Introduction and Background

Now before the Court is Delbert L. Chatmon's petition/motion for relief under **28 U.S.C. § 2255**.  The Government opposes the petition/motion.  Having closely examined the record before it, the Court concludes that an evidentiary hearing is not needed in this matter.  *See Galbraith v. United States*, **313 F.3d 1001, 1009 (7th Cir. 2002)("for a hearing to be granted, the petition must be accompanied by a detailed and specific affidavit which shows that the petitioner [has] actual proof of the allegations going beyond mere unsupported assertions");** *Menzer v. United States*, **200 F.3d 1000, 1005 (7th Cir. 2000)(hearing not required where record conclusively demonstrates that a defendant is entitled to no relief on § 2255 motion);** *Oliver v. United States*, **961 F.2d 1339, 1343 n.5 (7th Cir.)(court need not hold evidentiary hearing to**

decide § 2255 claims that raise factual matters capable of being resolved on the existing record), *cert. denied*, 506 U.S. 976 (1992). *See also*, Rules 4(b) and 8(a) of Rules Governing Section 2255 Proceedings for the United States District Courts; *Aleman v. United States*, 878 F.2d 1009, 1012 (7th Cir. 1989)(judge should dismiss § 2255 petition without hearing, if it appears from the facts of the motion, exhibits, and prior proceedings in the case that the movant is not entitled to relief). Based on the following, the Court denies Chatmon's petition/motion.

After a four day jury trial, a jury found Chatmon guilty of conspiracy to possess and distribute more than 50 grams of crack cocaine in violation of 21 U.S.C. § § 841(a)(1) and 846 on April 27, 2001. On February 19, 2002, Chatmon was sentenced to life imprisonment, 10 years supervised release if released, a fine of $2,500 and a special assessment of $100. Chatmon appealed his conviction and sentence to the Seventh Circuit Court of Appeals.[1] On April 4, 2003, the Seventh Circuit affirmed his conviction and sentence. *See United States v. Chatmon*, 324 F.3d 889 (7th Cir. 2003).[2] Chatmon did not file a petition for a writ of certiorari. The Seventh Circuit issued its mandate on May 12, 2003 (*See USA v. Chatmom*, 99-40085-DRH, Doc. 125; filed by the Clerk of the Court on May 13, 2003).

---

[1]On appeal, Chatmon challenged his sentence based on calculations for crack rather than cocaine and his sentence enhancements for obstruction of justice and possession of a firearm.

[2]For a more complete discussion of the factual background, *see United States v. Chatmon*, 324 F.3d 889 (7th Cir. 2003).

Thereafter, Chatmon filed this § 2255 petition on June 24, 2004 (Doc. 1).  On July 29, 2004, Chatmon filed a supplement to his original § 2255 petition adding additional arguments for § 2255 relief (Doc. 6).  Chatmon raises a slew of arguments ranging from the Government presented perjured testimony at the trial to ineffective counsel at almost every stage of his criminal case.  On October 25, 2005, the Government responded to Chatmon's petition (Doc. 12) and on December 7, 2005, Chatmon filed a reply (Doc. 15).

## II. Analysis

**28 U.S.C. § 2255** provides:

> A prisoner in custody under sentence of a court established by the Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Section 2255 was enacted to provide the court of the district in which a defendant is *sentenced* the same remedies available by habeas corpus proceedings to the court of the district in which a prisoner is *confined*.  ***Hill v. United States*, 368 U.S. 424, 427 (1962)**.  The grounds for relief under § 2255 are considerably more narrow than the grounds for relief on direct appeal.  Relief under Section 2255 is "reserved for extraordinary situations." ***Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996)*, citing Brecht v. Abrahamson*, 507 U.S. 619, 633-34**

**(1993)**.   A criminal defendant may attack the validity of his sentence under Section 2255 only if

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

**28 U.S.C. § 2255; *Prewitt*, 83 F.3d at 816**.   However, a Section 2255 motion "is neither a recapitulation of nor a substitute for a direct appeal." ***Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995); *see also Daniels v. United States*, 26 F.3d 706, 711 (7th Cir. 1994)**.   Therefore,

> [a]n issue not raised on direct appeal is barred from collateral review absent a showing of both good *cause* for the failure to raise the claims on direct appeal and actual *prejudice* from the failure to raise those claims, or if a refusal to consider the issue would lead to a fundamental miscarriage of justice.

***Prewitt*, 83 F.3d at 816 (emphasis in original).  *See also Reed v. Farley*, 512 U.S. 339, 354 (1994)**.   The Seventh Circuit has made it very clear that there are three types of issues that cannot be raised in a Section 2255 motion:

> "(1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised of direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal."

***Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other***

*grounds, Castellanos v. United States,* **26 F.3d 717 (7th Cir. 1994)**.

Furthermore, a petitioner filing a petition pursuant to **28 U.S.C. § 2255** must state specific facts which describe each ground for relief so that the district court may tell from the face of the petition whether habeas review is warranted.  ***See* Rule 2(b) of the Rules Governing § 2255 Cases;** *see also Adams v. Armontrout,* **897 F.2d 332, 334 (8th Cir. 1990)(§ 2254 petition)**.  A § 2255 petition cannot stand on vague and conclusory assertions of a constitutional violation; rather, the petition must set forth facts with sufficient detail to point the district court to the real possibility of a constitutional error. ***See Oliver v. United States,* 961 F.2d 1339, 1343 n. 5 (7th Cir. 1992)(holding that a district court may deny a § 2255 motion without a hearing "if the allegations in the motion are unreasonably vague, conclusory, or incredible, or if the factual matters raised by the motion may be resolved on the record before the district court.");** *see also Shah v. United States,* **878 F.2d 1156, 1161 (9th Cir. 1989)(holding that vague or conclusory allegations warrant summary dismissal of § 2255 claims);** *see also United States v. Aiello,* **814 F.2d 109, 113-14 (2nd Cir. 1987)(holding that a § 2255 petition must be based on more than "[a]iry generalities, conclusory assertions and hearsay statements.");** *see also United States v. Unger,* **635 F.2d 688, 691 (8th Cir. 1980) (holding that "[c]onclusory assertions that a defendant's pleas were involuntary and coerced are insufficient.")**. Because Chatmon is not represented by counsel, his motion must be liberally construed.

***Blake v. United States*, 841 F.2d 203, 205-06 (7th Cir. 1998)**.  With these principles in mind, the Court addresses the merits of Chatmon's petition/motion.

### A.  Perjury

As to ground one, Chatmon argues that the Government presented suborned perjury to obtain his conviction.  Specifically, Chatmon contends that the testimony of Government's witnesses Bolling and Barnett were patently false and contradicted by the police officers at the scene.  In response, the Government contends that this argument is procedurally defaulted as it should have been raised on Chatmon's direct appeal.  The Court agrees with the Government.  Chatmon has not met either the good cause or the fundamental miscarriage of justice tests to pursue these claims.  Thus, Chatmon is procedurally barred from pursuing this issue now.

Assuming *arguendo* that Chatmon is not procedurally barred, the Court finds this argument without merit.   Chatmon alleges that the testimony of Bolling and Barnett was false in that both testified that it was Chatmon that threw the kilogram of cocaine into Bolling's father's yard.   Chatmon contends that it was Bolling that threw the kilogram of cocaine in Bolling's father's yard.  Chatmon further contends that the testimony of the police officers at the scene refute both Bolling and Barnett's testimony.

The knowing use of perjured testimony against a criminal defendant is unconstitutional.  ***Napue v. Ill.,* 360 U.S. 264, 269-70 (1959)**.  In order to obtain

*habeas* relief based on perjured testimony used by the prosecutor at trial, a petitioner must show: "(1) that the prosecution indeed presented perjured testimony, (2) that the prosecution knew or should have known of the perjury, and (3) that there is some likelihood that the false testimony impacted the jury's verdict." ***Harding v. Walls*, 300 F.3d 824, 828 (7th Cir. 2002)**.  Additionally, "mere inconsistencies in the testimony of a government witness fall short of establishing that the government knowingly used false testimony and 'the alleged perjured testimony must bear a direct relationship to the defendant's guilt or innocence.' " ***Tayborn v. Scott*, 251 F.3d 1125, 1131 (7th Cir. 2001)**.

Here, Chatmon has not shown that there is evidence of intent to perjure, that there is no evidence of falsity and that this testimony bears a direct relationship to his guilt or innocence.  Further, the questioned testimony of who threw the cocaine into Bolling's father's yard is not material to the issues raised in the conspiracy indictment against Chatmon.[3]  Moreover, the record reveals that the testimony of the police officers is not inconsistent with the testimony of Bolling and Barnett.

**B.  Invocation of Fifth Amendment Rights**

Next, Chatmon contends the Court erred when it allowed defense witness, Michael Phillips, to assert his Fifth Amendment right against self

---

[3]The Court notes that in his reply brief, Chatmon essentially admits that there was a conspiracy when he states: "Therefore, the only evidence in which the jury could infer was related to the conspiracy to possess with the intent to distribute a controlled substance in violation of 21 U.S.C. § § 846, 841(a) is the agreement between movant and the government's cooperating witnesses to pool their money together to purchase the kilo of cocaine."  (Doc. 15, p. 3).

incrimination.   Again, the Government asserts that this issue should have been

raised on direct appeal.   The Court agrees.   Chatmon has not met either the good

cause or the fundamental miscarriage of justice tests to pursue this claim.   Thus,

Chatmon is procedurally barred from pursuing this issue now.  Assuming *arguendo*

that Chatmon's claim is not procedurally barred, the Court finds that it lacks merit.


As to Chatmon's motion to compel Phillips to testify and Phillips

invoking his Fifth Amendment right during the trial, the following colloquy ensued:

> Court: If it could lead to information about other crimes to which he
> has not yet pled, I take it could present a problem, could it not?
> Mr. Milone: Yeah, and I don't know if there's – and the only information
> I have about Phillips is what's contained within in this proffer
> statement....   And if there is something that's not contained in the
> proffer statement that the Government intends to use, I have no
> knowledge of that.
> Court: And the testimony which you seek to elicit from Mr. Phillips
> would go really to the issue of impeaching – is it Mr. Barnett?  I keep
> asking that question.  It's Mr. Barnett, is that right?  So we are talking
> about potentially impeaching Mr. Barnett at this juncture?
> Mr. Milone: That's correct.
> Court: Because Mr. Phillips has no substantive information or no
> substantive knowledge, based upon your information.  He has only
> hearsay from Mr. Barnett that could be used to impeach Mr. Barnett's
> testimony where he testified that it was, in fact, the defendant that threw
> the drugs, as opposed to a statement where he says Mr. Bolling ran off
> with the drugs, correct?
> Mr. Milone: That's correct.
> Court: And, of course, this particular version of the events has been
> overwhelmingly contradicted by the testimony in this case.  It doesn't
> strike me as something that's reliable.  When I weighed the prejudices
> to Mr. Phillips, as against whatever probative value this might achieve
> for Mr. Chatmon in this case, clearly, my instructing Mr. Phillips in
> something which may result in additional criminal charges against him,
> that prejudice certainly doesn't – certainly outweighs any probative
> value here.  The defendant's motion to compel Mr. Phillips to testify will

be denied.

**(TR 4/26/01 ps. 137-139)**.

The Court does not find that it erred in allowing Phillips to invoke his Fifth Amendment right.  Had the Court ordered Phillips to testify, Phillips would no longer enjoy his Fifth Amendment right, he would have exposed himself to additional charges and he could deprive the Government of the right to cross-examine him for other criminal conduct which might discredit his testimony. ***See United States v. Herrera v. Medina*, 853 F.2d 564, 568 (7th Cir. 1988)**.  As stated above, the questioned testimony of who threw the cocaine into Bolling's father's yard is not material to the issues raised in the conspiracy indictment against Chatmon. Moreover, as noted by the Court on the record during trial, the impeachment sought was on a very minor detail, while Phillips's assertion of his constitutional rights far outweighed the questionable value of the proposed impeachment.

### C.  Ineffective assistance of counsel

To establish a claim of ineffective assistance of counsel, a petitioner must show two things.  *First,* the petitioner must show that his counsel performed in a deficient manner. ***Strickland v. Washington,* 466 U.S. 668, 687 (1984)**. "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representations fell below an objective standard of reasonableness." ***Id.* at 687-688**.  A court, in reviewing a petitioner's claim of ineffective assistance of counsel, must give great deference to the attorney's

performance due to the distorting effects of hindsight.  *Id.* **at 689**.  In addition, the petitioner must overcome a strong presumption that the attorney's conduct falls within a wide range of reasonable professional assistance.  *Id.  Second,* the petitioner must show that counsel's deficient performance prejudiced him.  *Id.* **at 687**.  A petitioner must show that counsel's errors "actually had an adverse effect on the defense."  *Id.* **at 693**.  Further, the Supreme Court has held that a defendant must show that counsel's errors rendered the proceedings "fundamentally unfair or unreliable" in addition to simply showing prejudice.  ***Lockhart v. Fretwell*, 506 U.S. 364 (1993)**.

### a.  Ineffective Assistance of Trial Counsel

First, Chatmon contends that trial counsel Gary Milone was ineffective for failing to contest the Court's refusal to give a jury instruction based on the "buyer-seller" reraltionship.[4]  Chatmon twice states that "trial counsel was ineffective when he failed to contest the trial court's refusal to give an instruction on 'buyer/seller' relationships..." and "Trial counsel Milone rendered ineffective assistance of counsel when he utterly failed to present an objection based on the fact regarding the court's refusal to give a 'buyer/seller' instruction."  (Doc. 6, ps. 2-3).  A review of the record indicates that Mr. Milone did tender the "buyer-seller" instruction and that the Court refused to give the instruction based on the evidence presented during trial.  The evidence presented at trial clearly established a case of conspiracy and not one of

---

[4]The Court notes that Chatmon's grounds three and four are essentially the same.  Thus, the Court treats them as one argument.

Page 10 of  16

"buyer/seller."  Thus, Chatmon's counsel cannot be faulted for failing to raise an issue which he did, in fact, raise.  In fact, Mr. Milone acted reasonably and properly as to the tendering of the instruction and the Court's rejection of the same.

Chatmon also contends that Milone was ineffective for failing to conduct an adequate cross examination of government witnesses Bolling, Barnett, and Moore of their admitted drug use.  A review of the record demonstrated that counsel covered impeachment on prior inconsistent statements an all evidence showing bias and challenging witness credibility.  Moreover, a counsel's failure to challenge a witnesses' credibility, in and of itself does not satisfy the prejudice prong in **Strickland**.  **See Spreitzer v. Peters, 114 F.3d 1435, 1455 (7th Cir. 1997)(noting that counsel's failure to challenge a witnesses credibility, without more, is insufficient to establish the requisite prejudice)**.

Lastly, Chatmon argues that Milone's performance at sentencing was unreasonable and prejudicial to him when Milone failed to point out the significant facts which obviated the application of point enhancements and that Milone was ineffective when he failed to challenge the custody of the drugs. Here again, Chatmon has no credible evidence, only his unsupported allegations, which are inadequate. In addition to presenting no credible evidence to support his allegations, the record contradicts him.  As to the drug quantities, the Seventh Circuit found:

> We reject this argument because the district court's decision to include all 988.5 grams as crack cocaine is adequately supported by Barnett's trial testimony…. Chatmon contends that Barnett's testimony was internally inconsistent because he stated both "that Chatmon was going

to cook the entire kilogram into crack ... and that Chatmon told him Moore was going to get half of the kilogram as powder. " These statements do not strike us as necessarily inconsistent, however; rather, they seem in line with the government's position that, though the original plan was to give half the purchase to Moore, Chatmon scuttled that plan just prior to arrest. Moreover, even if one could find some internal inconsistency, it is not so "blatant" that it would render the district court's reliance on Barnett's testimony clearly erroneous. *See United States v. Clay*, 37 F.3d 338, 344 (7th Cir. 1994)(witness's testimony was "noticeably not characterized by the type of blatant internal inconsistency relating to the degree of a defendant's drug involvement which would require attention and resolution before the Court could depend on only one aspect of the account in necessary derogation of another").

**Chatmon, 324 F.3d at 892.**

As to the challenge of the custody of drugs, Chatmon seems to argue that had Milone hired an expert to examine the fingerprints on the cocaine that was thrown in Bolling's father's yard, the expert's findings would have proven that he did not throw the cocaine and that he would not have been given the obstruction of justice enhancement. Chatmon is wrong. As the Seventh Circuit found:

Chatmon is right that the application notes to § 3.C1.1 exclude such conduct from the reach of the guideline, U.S.S.G § 3C1.1, comment. (n.4(d), 5(d), but still, the district court did not commit clear error because Chatmon's conduct of threatening witnesses provides, by itself, a basis for enhancement, *id.*, comment. (n. 4(a)). Chatmon does not dispute the statement attributed to him -that he would "send some friends from Kansas to 'F' up [Barnett's] family" if he talked to authorities - but claims that is was merely "jailhouse bravado," not a threat. As Chatmon acknowledges, however, we rejected the same "jail talk" argument in *United States v. Henderson*, 58 F.3d 1145 (7th Cir, 1995), holding that whether a defendant's conduct "evinced the requisite intent or was merely false bravado was a credibility determination left to the sound discretion of the sentencing court." *Id.*, at 1154. Chatmon tries to distinguish *Henderson* by asserting that the district court here failed to find the "requisite specific intent to obstruct justice." We disagree.

*Id.* **at 893**.

Likewise, Chatmon's argument as to the firearm is also without merit.

The Seventh Circuit affirmed finding:

> [B]ecause the district court did not rely on hearsay evidence as a basis for the enhancement.  Rather, the court based its decision exclusively on the trial testimony.... but in this case there is circumstantial demonstrating control: the weapon was nearby and in plain view, and was located in the bedroom that Kim Bolling shared with Chatmon.  *See United States v. Starks*, 309 F.3d 1017, 1026 (7th Cir. 2002)(upholding firearms enhancement where defendant was found within reach of a loaded gun and there was circumstantial evidence establishing that he was aware of the presence of guns).  Also, though Chatmon is right that Watkins's testimony did not link him to drug activity per se, the fact the he usually carried a gun at the least lends credence to Barnett's testimony.

*Id.* **at 893-94.**

### b.    **Ineffective Assistance of Appellate Counsel**

Chatmon argues that appellate counsel was ineffective by failing to brief the issue of the trial court refusing to instruct on the requested "buyer/seller" charge. The Court finds that this argument lacks merit. First, Chatmon has no constitutional right to force "counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." *Jones v. Barnes*, **436 U.S. 745, 751 (1983)**.  It is well settled that a petitioner cannot establish ineffective assistance of counsel based solely on the fact that counsel failed to present certain issues on appeal. *Page v. United States*, **884 F.2d 300, 302 (7th Cir. 1989)**.  On appeal, Chatmon's appellate counsel chose three issues for appeal: (1) the drug quantity determination; (2) the enhancement for obstruction

of justice; and (3) the enhancement for possession of a firearm.  Though not successful, appellate counsel was within his rights to exercise his independent judgment in determining which claims were meritorious to be presented on appeal. Chatmon's claim that his conviction rests on insufficient evidence is without merit, and his counsel was well within his professional judgment in deciding not to make that particular argument in his appeal.  Chatmon offers no evidence that his counsel's decisions fell below an objective standard of reasonableness or prejudiced his defense in any way.

In the instant case, the Court cannot say that either of Chatmon's counsels' performances significantly prejudiced him or that his counsels' representations fell below an objective standard of reasonableness.  The Court finds that Chatmon's claims that his counsels were ineffective are without merit. Chatmon's bald assertions (which are either not true or not supported by the record) that his counsels were ineffective are insufficient basis to grant him the relief he seeks.  "An ineffective assistance of counsel claim cannot stand on a blank record, peppered with the defendant's own unsupported allegations of misconduct." **United States v. Hodges, 259 F.3d 655, 660 (7th Cir. 2001); Fuller v. United States, 398 F.3d 644, 652 (7th Cir. 2005)(finding that a claim of ineffective assistance unsupported by "actual proof of [his] allegations" cannot meet the threshold requirement for purposes of § 2255)**. The Court concludes that Chatmon's attorneys were not ineffective in representing Chatmon in his criminal matter.  In

fact, the Court finds that their actions were reasonable and sound in light of the facts and circumstances.

Finally, Chatmon contends that his sentence violates the Fifth and Sixth Amendments under **Blakely** and **Booker** (Chatmon's grounds Seven and Eight). However, Seventh Circuit's decisions in **Simpson v. United States**, **376 F.3d 679 (7th Cir. 2004)** and in **McReynolds v. United States**, **397 F.2d 479 (7th Cir. 2005)**, suck the wind from the sails of this argument.  In **Simpson**, Circuit Judge Rovner (writing for the Seventh Circuit) found:

> The rule announced in *Blakely* . . . was not dictated or compelled by *Apprendi* or its progeny.  In fact, before *Blakely* was decided, every federal court of appeals held that *Apprendi* did not apply to guideline calculations made within the statutory maximum. . . . Assuming that the Supreme Court announced a new constitutional rule in *Blakely* and that Simpson's sentence violates that rule, the proposed claim is premature.  **The Supreme Court has not made the *Blakely* rule applicable to cases on collateral review. . . .**  Should the Supreme Court announce that *Blakely* applies retroactively to cases on collateral review, Simpson can file a renewed [§ 2255] application.

**Simpson**, **376 F.3d. at 681 (emphasis added)**.  Further, in **McReynolds,** then Circuit Judge Easterbrook,[5] (writing for the Seventh Circuit) found:

> We conclude, then, that *Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005.... Petitioners' convictions and sentence became final well before *Booker* was issued,

---

[5]Judge Easterbrook is currently the Chief Circuit Judge of the Seventh Circuit Court of Appeals.

and its approach therefore does not govern these collateral proceedings.

***McReynolds*, 397 F.3d at 481.  *See also Ilori v. United States*, 198 Fed.Appx. 543 (7th Cir. 2006)("As we have explained, the Supreme Court did not make *Blakely* applicable to guideline sentences prior to its decision in *Booker*, and *Booker* 'does not apply retroactively to criminal cases that became final before its release on January 12, 2005'").**  Thus, neither **Blakely** nor **Booker** apply retroactively to secure Chatmon § 2255 relief.

Thus, the Court rejects Chatmon's **28 U.S.C. § 2255** petition/motion. Finally, the Court notes that letting Chatmon's conviction and sentence stand would not result in a fundamental miscarriage of justice.  ***Murray v. Carrier*, 477 U.S. 478, 495 (1986)**.

### III.  Conclusion

Accordingly, the Court **DENIES** Chatmon's 28 U.S.C. § 2255 petition/motion. The Court **DISMISSES with prejudice** Chatmon's 28 U.S.C. § 2255 petition/motion.  Further, the Court **ORDERS** the Clerk of the Court to enter judgment reflecting the same.

**IT IS SO ORDERED.**

Signed this 18th day of July, 2007.


/s/          David    RHerndon
**United States District Judge**